Field, J.
delivered the opinion of the court. This case has been argued upon a variety of questions that arise upon the record ; but as the opinion of the court upon a single question is decisive of the cause, we deem it necessary to refer to so much only of the record as will be sufficient to shew the point upon which the decision is made.
The indictment, as to the perjury, is in the following W’ords: [Here the judge recited the terms of the indictment as above set forth.] Upon the general demurrer, all defects in the indictment, both as to form and substance, w?ere put in issue. Commonwealth v. Jackson, 2 Va. Cas. 501. Whether we regard the indicltaent in this case as an indictment for perjury at common law, or for perjury under the Virginian statute, 1 Rev. Code, ch. 148. § 1. p. 571. we are unanimously of opinion that it is defective, in not setting forth the crime of perjury with sufficient direct and positive averments. An indictment upon the statute should aver that the defendant did “ wilfully, corruptly and falsely” swear or affirm, as the case may be. An indictment at common law need not contain these words ; but if they are omitted, such other words should be used in lieu of them, as will serve to shew the criminal intent, give to the indictment a precise and sufficient certainty, and apprize the defendant of the distinct charge made against him.
*798 In all indictments, the offence charged should be . . ° averred distinctly and directly, and not by way of intendment or argument. In this case the indictment, after setting out the evidence given, charges that the “said evidence was wilfully false and corrupt:” but nowhere does it directly charge that the accused wilfully and corruptly swore falsely. We regard the averment (if averment it be) that the “evidence was wilfully false and corrupt,” at most as charging the corrupt oath by argument only, and not directly.
Judgment of circuit court reversed, and judgment entered sustaining the demurrer, and discharging the plaintiff in error from the indictment.

(Note by reporter.) It has been held in Pennsylvania, that it is not indispensable, in mentioning the act of swearing, to state that the defendant did falsely, corruptly and voluntarily swear, in order to constitute the offence of perjury at common law. The allegation that the defendant did voluntarily and of his own free will and accord propose to the court to purge himself of the contempt alleged against him; and then_(after stating the oath, the matter deposed to, and wherein it was false) the concluding averment that so the defendant, by his own act and consent, and of his own most wicked and corrupt mind and disposition, in manner aforesaid did knowingly, falsely, wickedly, maliciously, wilfully and corruptly commit wilful and corrupt perjury,—did, it was considered, sufficiently assert and charge against the defendant the wilfulness, absoluteness, falsity and malice of the oath. Respublica v. Newell, 3 Yeates 407.
In Cox’s case, 1 Leach’s C. L. 71. an indictment at common law, which charged that the defendant “falsely, maliciously, wickedly and corruptly swore,” &c. was holden sufficiently to imply that the offence was committed wilfully: but it was considered at the same time, that in an indictment on the statute 5 Eliz. ch. 9. the offence must be expressly laid to have been wilfully committed.
In The king v. Richards, 7 Dowl. & Ry. 665. 16 Eng. Com. Law Rep. 314. the indictment charged that the defendant was duly sworn as a witness on the trial of I. H. “and then and there falsely and maliciously gave false testimony against the said I. H.” &c. “by then and there falsely deposing and giving in evi *799 dence” &e. and so the said defendant “did in manner and form aforesaid commit wilful and corrupt perjury.” The case coming before the court of king’s bench on a rule nisi for arresting the judgment, Abbott, C. J. said—“ I am of opinion that the rule must be made absolute. As to the first four counts, tbe objection is, that they do not charge that the defendant swore wilfully and corruptly, but merely that he swore falsely and maliciously. Now, according to every definition, the offence of perjury consists in swearing to some matter which is untrue, wilfully and corruptly. "Whether the word maliciously may supply the place of one or other of these word's, it is not necessary, in the present case, expressly to decide, because this indictment contains neither; but the case of Rex v. Cox, Leach’s Cr. Ca. 71. is an express authority to shew, that without one or the other, an indictment for perjury cannot be sustained. It still remains a question, whether the use of one, in the absence of the other, would be sufficient.” The other judges present (Bayley and Idttledale) concurred. The case of The king v. Stephens, 5 Barn. & Cress. 246. 11 Eng. Com. Law Rep. 216. decided by the court of king’s bench at the same time with Richards’s case, is in all respects similar to it